UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

AMENDED COMPLAINT:

FILED/REC'D
2023 DEC 26  A 10: 47
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

DAVID ADOLPH SHAMLEY (ZAMORA)
        PLAINTIFF,
V.
    CHRISTINE SUTER, et al.
        DEFENDANTS.

CASE NO. 23-CV-815-jdp

DAVID ADOLPH SHAMLEY (ZAMORA)

David A. Shamley (Zamora)

JACKSON CORRECTIONAL INSTITUTION

N 6 5 0 0 HAIPEK ROAD

BLACK RIVER FALLS, WI. 54615

DECEMBER 18TH 2023.

ATTACHMENT—1

# Complaint

PLAINTIFF: DAVID ADOLPH SHAMLEY (ZAMORA). AT ALL TIMES RELEVANT, WAS INCARCERATED AT THE CHIPPEWA VALLEY TREATMENT FACILITY.

I, DAVID ADOLPH SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL IN SUPPORT OF THIS 28 U.S.C § 1983 A 1ST, 8TH, AND 14TH AMENDMENTS CONSTITUTIONAL VIOLATION(S) OF MY CIVIL RIGHTS. DELIBERATE INDIFFERENCE, VIOLATIONS OF STATE SAFETY REGULATIONS, RESULTING IN PERMANENT INJURY. ADVERSE ACTION, RETALIATION VIOLATION. NEGLIGENCE, RESULTING IN PERMANENT INJURY.

DAVID ADOLPH SHAMLEY (ZAMORA)
JACKSON CORRECTIONAL INSTITUTION.
N 6500 HAIPEK ROAD
BLACK RIVER FALLS, WI. 54615.

DECEMBER 18TH 2023.

ATTACHMENT — ONE
ø

# PARTY'S

1. PLAINTIFF, DAVID ADOLPH SHAMLEY (ZAMORA) AT ALL TIMES RELEVANT WAS INCARCERATED AT THE CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY.

2. DEFENDANT, CHRISTINE SUTER AT ALL TIMES RELEVANT WAS THE WARDEN AT CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY. 2909 E. PARK AVE CHIPPEWA FALLS, WI. 54729

3. DEFENDANT, JASON WUNDERLICH WAS AT ALL TIMES RELEVANT WAS THE SECURITY DIRECTOR AT THE CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY 2909 E. PARK AVE. CHIPPEWA FALLS, WI. 54729

4. DEFENDANT, GREGORY J. CLARK WAS AT ALL TIMES RELEVANT AN ADMINISTRAVE CAPTAIN AT THE CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY. 2909 E. PARK AVE. CHIPPEWA FALLS, WI. 54729

5. DEFENDANT, KYLE D. ESLINGER WAS AT ALL TIMES RELEVANT AN ADMINISTRATIVE CAPTAIN AT THE CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY. 2909 E. PARK AVE. CHIPPEWA FALLS, WI 54729

ATTACHMENT-2

6. DEFENDANT, BEE L. YANG WAS AT ALL TIMES RELEVANT A CORRECTIONAL SERGEANT AT THE CHIPPEWA VALLEY CORRECTIONAL FACILITY 2909 E. PARK AVE. CHIPPEWA FALLS, WI. 54729.

7. DEFENDANT, CHRISTOPHER O'BRIAN AT ALL TIMES RELEVANT WAS THE OWNER OF PRIME COAT COATING SYSTEMS CONTRACTING COMPANY 405 OAKWOOD AVE. WAUKEGAN, IL. 60085

FACTS:

8. AS TO DEFENDANT, CHRISTINE SUTER, I DAVID A. SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL IN SUPPORT OF 28 U.S.C § 1983; A 1ST., 8TH. AND 14TH. AMENDMENT CONSTITUTIONAL VIOLATION OF MY CIVIL RIGHTS. DELIBERATE INDIFFERENCE, AND VIOLATION OF STATE SAFETY REGULATIONS, RESULTING IN PERMANENT INJURY. FAILURE TO PROTECT FROM IMMINENT DANGER/HARM.

9. AS TO DEFENDANT, JASON WUNDERLICH I DAVID A. SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL IN SUPPORT-

OF THIS U.S.C § 1983; A 1ST, 8TH, AND 14TH AMENDMENT CONSTITUTIONAL VIOLATION OF MY CIVIL RIGHTS.

10  DELIBERATE INDIFFERENCE, AND VIOLATION OF STATE SAFETY REGULATIONS, RESULTING IN PERMANENT INJURY. FAILURE TO PROTECT FROM IMMINENT DANGER/HARM ADVERSE ACTION, RETALIATION. CRUEL AND UNUSUAL PUNISHMENT. VIOLATIONS.

AS TO DEFENDANT GREGORY J. CLARK, I DAVID ADOLPH SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL IN SUPPORT OF THIS 28 U.S.C § 1983; A 1ST, 8TH AND

11  14TH AMENDMENT CONSTITUTIONAL VIOLATION OF MY CIVIL RIGHT, DELIBERATE INDIFFERENCE, AND VIOLATION OF STATE SAFETY REGULATIONS, RESULTING IN PERMANENT INJURY. FAILURE TO PROTECT FROM IMMINENT DANGER/HARM, ADVERSE ACTION, RETALIATION. CRUEL AND UNUSUAL PUNISHMENT. VIOLATIONS.

AS TO DEFENDANT, KYLE D. ESLINGER, I DAVID ADOLPH SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL

12  IN SUPPORT OF THIS 28 U.S.C § 1983; A 1ST, 8TH AND 14TH AMENDMENT VIOLATIONS OF MY CIVIL RIGHTS, ADVERSE ACTION, RETALIATION, DELIBERATE INDIFFERENCE, AND VIOLATION OF STATE SAFETY REGULATIONS, RESULTING IN

ATTACHMENT—4

PERMANENT INJURY, FAILURE TO PROTECT FROM IMMINENT DANGER/HARM, CRUEL AND UNUSUAL PUNISHMENT.

---

13  AS TO DEFENDANT, BEE L. YANG I, DAVID ADOLPH SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL, IN SUPPORT OF THIS 28 U.S.C § 1983 A 14TH AMENDMENT CONSTITUTIONAL VIOLATION OF MY CIVIL RIGHT TO BE EQUALLY PROTECTED FROM IMMINENT DANGER/HARM. DELIBERATE INDIFFERENCE VIOLATION.

---

14  AS TO DEFENDANT CHRISTOPHER O'BRIAN, OWNER OF PRIME COAT COATING SYSTEMS, I DAVID ADOLPH SHAMLEY (ZAMORA) NOW CLAIM TO THIS FEDERAL TRIBUNAL IN SUPPORT OF THIS 28 U.S.C § 1983; A 14TH AMENDMENT CONSTITUTIONAL VIOLATION TO BE EQUALLY PROTECTED FROM IMMINENT DANGER/HARM. NEGLIGENCE, RESULTING IN IRREVERSIBLE INJURY. VIOLATION OF STATE SAFETY REGULATIONS, RESULTING IN PERMANENT INJURY.

ATTACHMENT—5

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WISCONSIN

**15** PLAINTIFF, DAVID ADOLPH SHAMLEY (ZAMORA) IS AND WAS AT ALL TIMES MENTIONED HEREIN, A PRISONER OF THE WISCONSIN DEPARTMENT OF CORRECTIONS, AND IS CURRENTLY INCARCERATED AT THE JACKSON CORRECTIONAL INSTITUTION IN BLACK RIVER FALLS, WI.

**16** DEFENDANT CHRISTINE SUTER IS THE WARDEN AT THE CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY. SHE IS LEGALLY AND FULLY RESPONSIBLE FOR THE DAILY OPERATIONS AND FOR THE SAFETY, WELFARE OF ALL PRISONERS AT THE FACILITY.

**17** DEFENDANT JASON WUNDERLICH IS THE SECURITY DIRECTOR AT THE CHIPPEWA VALLEY CORRECTIONAL TREATMENT FACILITY. HE IS LEGALLY AND FULLY RESPONSIBLE FOR THE SECURITY, SAFETY AND WELFARE OF ALL PRISONERS AT THE FACILITY.

**18** DEFENDANT GREGORY CLARK IS A ADMINISTRATIVE CAPTAIN AT THE CHIPPEWA VALLEY TREATMENT FACILITY. HE IS LEGALLY AND FULLY RESPONSIBLE FOR THE SECURITY, SAFETY AND THE WELFARE OF ALL PRISONERS AT THE FACILITY.

**19** DEFENDANT, KYLE ESLINGER IS A ADMINISTRATIVE CAPTAIN AT THE CHIPPEWA VALLEY TREATMENT FACILITY. HE IS LEGALLY AND FULLY RESPONSIBLE FOR THE SECURITY, SAFETY AND THE WELFARE OF All PRISONERS AT THE FACILITY.

**20** SERGEANT BEE L. YANG IS A CORRECTIONAL SERGEANT AT THE CHIPPEWA VALLEY TREATMENT FACILITY. HE IS LEGALLY AND FULLY RESPONSIBLE FOR THE SECURITY, SAFETY AND WELFARE OF THE PRISONERS ASSIGNED TO THE HOUSING UNIT HE'S RESPONSIBLE FOR OVER SEEING AND SUPERVISING.

**21** DEFENDANT, CHRISTOPHER O'BRIAN OWNS THE PRIME COAT COATING SYSTEMS CONTRACTING COMPANY. HE IS LEGALLY AND FULLY RESPONSIBLE THE EMPLOYEES, EMPLOYED BY HIS COMPANY.

**22** EACH DEFENDANT HEREIN NAMED IS SUED INDIVIDUALLY, IN THEIR PRIVATE CAPACITY, AS WELL AS IN THEIR OFFICIAL CAPACITY.

## STATEMENT OF CLAIM

ON JUNE 21ST, 2023, AT 8:19 AM I ENTERED THE SHOWER

**23** AREA ON MY ASSIGNED HOUSING UNIT AT THE CHIPPEWA VALLEY

TREATMENT FACILITY.


AS I HUNG MY SHOWER EQUIPMENT ON THE SHOWER PAR-

**24** TITIAN (DOOR), AND WAS TURNING AWAY TO LEAVE THE

SHOWER AREA TO RETRIEVE ADDITIONAL ITEMS FROM THE

10-MEN DORM I WAS HOUSED IN, THE CEILING PARTIALLY

"COLLAPSED" OVER ME.


I WAS "STRUCK" BY A LARGE METAL CEILING TILE, STARTLED,

**25** AND ALSO INJURED I THAN, LOST MY FOOTING FROM THE

ROCKS, AND PEBBLES NOW ON THE TILED FLOOR, TWISTING

MY BACK, IN AN ATTEMPT TO CATCH MY BALANCE, I

FELL TO THE FLOOR IN SEVERE PAIN.


**26** OTHER INMATES HEARD THE COMMOTION, AND CAME

RUNNING TO THE SHOWER AREA.


**27** I "PLEADED" FOR THE INMATE(S) TO GET STAFF'S ATTENTION

, BECAUSE I WAS SERIOUSLY HURT.


**28** NOT LONG AFTER, SERGEANT YANG ARRIVED TO THE

SHOWER AREA, AND ATTEMPTED TO HELP ME TO MY

FEET, BUT THE PAIN IN MY BACK WOULDN'T ALLOW ME TO STAND SO, SGT. YANG ASSISTED ME BACK TO THE FLOOR, WHERE I LAYED, AS SGT. YANG SUMMONED THE NURSING STAFF.

**29** WHEN THE NURSING STAFF ARRIVED, IT WAS DECIDED THAT THE E.M.T'S SHOULD BE SUMMONED, AND I SHOULD TAKEN BY AMBULANCE TO THE LOCAL HOSPITAL E.R. FOR FURTHER EVALUATION.

**30** THE PARAMEDICS ARRIVED, C-COLLARED ME, AND PLACED ME ON A GOURNEY, TRANSPORTING ME TO THE HOSPITAL E.R.

**31** AT THE TIME OF THIS INCIDENT, AS I WAS ENTERING THE SHOWER AREA, IT WAS REGULAR DAY ROOM HOURS.

**32** THERE WERE "NO" SIGNS, "NO" POSTINGS, "NO" CONSTRUCTION-CONES PRESENT AT, OR AROUND THE SHOWER AREA'S ENTRANCE / DOORWAY. THE SHOWER AREA WAS NOT "BLOCKED-OFF", NOR WAS IT CLOSED-OFF!

**33** SGT. YANG, AT THIS POINT IN TIME, HADN'T CLOSED THE SHOWER AREA DOWN, AND THERE WAS "NO" INDICATION(S) PRESENT, NOTIFYING THOSE PRESENT

ATTACHMENT - 9

THAT THE SHOWER WAS UNDER CONSTRUCTION, OR THAT THE AREA HAD BECOME A CONSTRUCTION WORK ZONE/SITE. THERE WAS "NO" INDICATORS IN PLACE TO "WARN" ME, OR TO SIGNAL THAT THE SHOWER AREA WAS A DANGER, HAZARD, OR THAT THE AREA WAS "UNSAFE" FOR ME TO ENTER.

**34** UPON INFORMATION I RECIEVED FROM NUMEROUS INMATES' AND ONE INMATE IN PARTICULAR (INMATE GARY ROSEK #427938) EXPLAINED TO ME THAT, PRIOR TO ME BEING INJURED THAT MORNING, ON THE VERY SAME MORNING., HE WITNESSED TWO DIFFERENT INMATES ENTER THE SHOWER-AREA, AND "REMOVE" TWO HUGE CHUNKS OF CONCRETE FROM THE FLOOR OF THE SHOWER AREA, AND TURN THEM INTO THE PRISON OFFICIALS' STATIONED AT THE C/O'S STATION.

**35** ALSO, UPON INFORMATION I RECIEVED FROM INMATE GARY ROSEK, AND INMATE KNUTOWSKI LUCAS #380754 THESE PIECES OF "FALLEN" CEMENT WERE TAKEN TO THE SGT'S. OFFICE WELL BEFORE 8:19 AM, WHICH IS WHEN, I ENTERED THE SHOWER AREA.

**36** SGT. YANG WAS SUMMONED TO THE SHOWER AREA BY OTHER INMATES, AFTER I WAS INJURED, LAYING ON THE FLOOR, AND IN NEED OF MEDICAL ATTENTION.

**37** UPON INFORMATION I RECIEVED FROM INMATES PRESENT THE DAY OF THIS INCIDENT, DESPITE SGT. YANG BEING INFORMED OF THE UNSAFE/DANGEROUS CONDITIONS, THE PRIME COAT COMPANY'S CONSTRUCTION PROJECT WAS POSING, SGT. YANG

ATTACHMENT—10

"FAILED" TO RESPOND TO THIS SERIOUS "RISK" OF HARM IN A REASONABLE MANNER, TO PREVENT MY INJURY.

38 SGT. YANG WAS "ARMED" WITH THE "KNOWLEDGE" THAT A SERIOUS POTENTIAL FOR HARM/INJURY EXISTED, YET HE "FAILED" TO INVESTIGATE, AND GAGE AN ASSESSMENT OF THE SITUATION, TO DETERMINE FOR HIMSELF WHETHER, OR NOT A SUBSTANTIAL "RISK" OF SERIOUS HARM WAS PRESENT.

39 SGT. YANG'S "IN-ACTION", AND "FAILURE" TO ACT REASONABLY DEMOSTRATED DELIBERATE INDIFFERENCE TO MY SAFETY, HEALTH, AND MY WELFARE, NOT ONLY MYSELF, BUT TO ALL PRISONERS PRESENT ON THAT PARTICULAR HOUSING UNIT.

40 SGT. YANG WROTE IN HIS INCIDENT REPORT, THAT HE WAS AWARE OF THE HEALTH-HAZARD, HOWEVER WHEN, HE GOT AROUND TO ADDRESSING, ASSESSING THE SITUATION IT WAS TOO LATE I WAS ALREADY INJURED, AND IN NEED OF MEDICAL ASSISTANCE.

41 SECURITY FOOTAGE WILL SHOW THAT MY VERSION OF EVENTS ARE TRUE. SGT. YANG ARRIVED TO THE SHOWER AREA AFTER INMATES SUMMONED HIM TO DO SO, BECAUSE I HAD BEEN INJURED.

ATTACHMENT-11

42  UPON MY RETURN TO THE FACILITY LATER THAT DAY, THE DAY THE INCIDENT OCCURRED, I RETURNED FROM THE HOSPITAL, AND WAS MET BY CAPTAINS ESLINGER, AND CAPTAIN CLARK.

43  THESE TWO CAPTAINS ESCORTED ME INTO AN OFFICE IN THE INTAKE PORTION OF THE FACILITY, AS ONE SPOKE THE OTHER STARED AT ME IN SILENCE.

44  ONE BEGAN SPEAKING, SAYING THAT THIS MEETING WAS "OFF THE RECORD" HE THAN, INFORMED ME THAT IF I DIDN'T "RECANT" MY STORY RIGHT THAN, THAT HE WOULD HAVE TO WRITE ME A CONDUCT REPORT, CHARGE ME WITH FRAUD, AND ENTERPRIZING, PLACE ME IN SEGREGATION, AND THAT I WOULD LOSE MY OPPURTUNITY TO PARTICIPATE IN E.R.P.

45  HE THAN, TOLD ME HE WAS GIVING ME ONE LAST OPPURTUNITY TO CHANGE MY STORY, THAN HE SAID THAT ONCE HE STARTS THE PAPER-WORK, THERE WAS "NO" TURNING BACK. HE THAN, LOOKED AT ME, AND SAID HE WOULD HATE TO SEE ME LOSE MY E.R.P OPPURTUNITY.

46  AFTER A FEW MOMENTS HE STOOD UP, AND ESCORTED ME TO A HOLDING CELL IN THE INTAKE AREA. AS WE WERE LEAVING THE OFFICE, HE TOLD ME TO

THINK HOW IMPORTANT MY E.R.P WAS.

47  I WAS PLACED IN A HOLDING CELL FOR 30-40 MINUTES BEFORE, I WAS ALLOWED TO RETURN TO THE HOUSING UNIT BY ESCORT, WITH A C/O. I WAS INSTRUCTED TO PACK ALL MY BELONGINGS. I PACKED ALL MY THINGS, AND WAS MOVED TO ANOTHER SECTION OF THE FACILITY.

48  LATER THAT SAME DAY ON 6/21/2023. I FILED (2) COMPLAINTS. ONE ABOUT BEING INJURED BY THE "COLLAPSED" CEILING, AND ANOTHER ABOUT THE THREATS, AND INTIMIDATION THE CAPTAIN(S) USED IN AN ATTEMPT TO COERSE ME INTO MAKING A "FALSE" STATEMENT.

49  ON 6/28/2023. BOTH COMPLAINTS WERE RETURNED TO ME, WITH INSTRUCTIONS FROM THE I.C.E DEPARTMENT TO FIRST ATTEMPT "RESOLVE" MY ISSUES, PRIOR TO FILING ANY INMATE COMPLAINT(S).

50  BY THIS TIME FEAR BEGAN TO "SET-IN" ON ME, AND I WAS HAVING SECOND THOUGHTS ABOUT GOING FORWARD WITH, EXPOSING THE TWO ADMINISTRATIVE CAPTAINS FOR USING THREATS/INTIMIDATION ON ME. I WAS AFRAID OF THE CAPTAIN(S), ADMINISTRATION-OFFICIALS "RETALIATING" AGAINST ME, FOR ACCUSING PRISON OFFICIALS OF USING THREATS/INTIMIDATION ON ME.

ATTACHMENT-13

51 ON 7/5/2023, MY BACK PAIN WAS NOT EASING UP, SO, I WROTE H.S.U MANAGER, AS INSTRUCTED BY THE I.C.E. I EXPLAINED, THAT MY BACK WASN'T GETTING BETTER.

52 ON 7/10/2023 THE H.S.U MANAGER ANSWERED MY "KITE" INFORMING ME, THAT I WAS SCHEDULED TO MEET WITH THE PROVIDER. (DOCTOR).

53 WITH WITH INFO. I REALIZED THAT BEFORE I COULD FOLLOW-UP WITH RESUBMITTING ME COMPLAINT, I WOULD, FIRST HAVE TO ALLOW MY SCHEDULED APPOINTMENT WITH THE PROVIDER TO PLAY OUT, SINCE I WAS INSTRUCTED TO FIRST TRY TO "RESOLVE" MY ISSUES, BEFORE FILING ANY COMPLAINT(S).

54 HOWEVER, ON 7/13/2023, BEFORE, MY SCHEDULED APPOINTMENT OCCURRED, I WAS SUMMONED TO TO THE INTAKE DEPARTMENT. UPON MY ARRIVAL TO THE INTAKE AREA, I WAS ISSUED A CONDUCT RE-PORT FOR "ENDANGERING" MY SAFETY, AND LYING. THIS CONDUCT REPORT WAS "FRIVULOUS", AND ALSO WRITTEN "MALICIOUSLY" BY CAPTAIN KYLE ESLINGER IN CONNECTION TO MY 6/21/2023 INJURY.

THE CONDUCT REPORT HELD ME RESPONSIBLE FOR MY INJURY(S) DESPITE THE FACT(S), THAT THERE WERE

**55** "NO" SIGNS, POSTINGS PLACED AT, OR NEAR THE SHOWER AREA'S ENTRANCE, NOR WAS THE SHOWER AREA CLOSED/SHUT DOWN AT THE TIME MY INJURY(S) WERE SUSTAINED.

---

**56** ON 7/13/2023. I WAS PLACED IN RESTRAINTS, AND PLACED IN A STATE VAN, AND TRANSFERRED TO THE JACKSON CORRECTIONAL INSTITUTION.

---

UPON MY ARRIVAL AT J.C.I I WAS PLACED IN THE SEGREGATION HOUSING UNIT WITHOUT ANY OF MY

**57** PROPERTY, INCLUDING ALL OF MY LEGAL DOCUMENTS, AND OTHER LEGAL MATERIALS THAT WERE IN MY PERSONAL PROPERTY.

---

**58** ON 7/20/2023. A HEARING WAS HELD FOR THE CONDUCT REPORT WRITTEN BY DEFENDANT, KYLE ESLINGER.

---

ON 7/20/2023. DESPITE MY SEVERAL REQUESTS

**59** FOR MY LEGAL MATERIALS, I WAS INFORMED BY CAPTAIN CURTIS, AND ALSO CAPTAIN DUNAHAY, THAT MY PROPERTY HADN'T YET ARRIVED FROM THE PREVIOUS FACILITY.

60  ON 7/20/2023, I WAS FOUND "GUILTY" FOR THE TWO RULE VIOLATIONS CHARGED IN THE CONDUCT REPORT. I WAS GIVEN 30-DAYS IN SEGREGATION.

61  ON 7/23/2023, I "APPEALED" THE ADMINISTRATION'S DECISION TO, FIRST FIND ME "GUILTY" ON THE "FRIVULOUS" CONDUCT REPORT, AND SECOND TO SENTENCE ME TO SUCH A "HARSH" CONSEQUENCE FOR GOING INTO THE SHOWER, THAT WAS UNDER CONSTRUCTION. THE JACKSON PRISON OFFICIALS AGREED WITH THE CHIPPEWA-VALLEY PRISON OFFICIALS, AFFIRMING THE DECISION.

62  ON 8/1/2023, MY CUSTODY LEVEL WAS ELEVATED FROM MINIMUM-SECURITY TO MEDIUM SECURITY.

63  FROM THE DATE OF MY TRANSFER TO THE JACKSON - CORRECTIONAL INSTITUTION ON 7/13/2023, UNTIL 8/7/2023, I WAS NOT ALLOWED ACCESS TO MY LEGAL MATERIALS, FOR THE PURPOSE OF "REDRESS."

64  ON MULTIPLE OCCASSIONS, FROM THE DATE OF MY TRANSFER TO THE JACKSON INSTITUTION, I "PLEADED" WITH THE JACKSON INSTITUTION PRISON OFFICIALS TO FIND OUT WHERE MY PROPERTY WAS AT, AND ON EACH

ATTACHMENT-16

OCCASSION CAPT. DUNAHAY, AS WELL AS CAPT. CURTIS

**65** BOTH, ENSURED ME, THAT THEY EACH SENT THE CHIPPEWA OFFICIALS EMAILS ENQUIRING AS TO WHY THAT FACILITY HAD NOT YET SENT ANY OF MY PROPERTY AS OF VERY LATE JULY 2023. AS LATE AS JULY 28TH. 2023. I HAD NOT BEEN ALLOWED ACCESS TO MY LEGAL MATERIALS.

**66** ON 8/7/2023. UPON MY RELEASE FROM SEGREGATION, I WAS FINALLY GIVEN ALL OF MY LEGAL MATERIALS AS WELL AS MY OTHER PERSONAL PROPERTY.

**67** ON 8/7/2023. I FILED A COMPLAINT TO THE CHIPPEWA FACILITY REQUESTING PERMISSION TO NOW FILE A COMPLAINT, AND ATTACHED ALL NECESSARY DOCUMENTS WITH THIS COMPLAINT.

**68** IN SEPTEMBER 2023. THE CHIPPEWA FACILITY'S I.C.E "REJECTED" MY COMPLAINT, "STATING" MY COMPLAINT WAS TIME BARRED. BEYOND THE 14-DAY LIMIT.

**69** I AGAIN "APPEALED" THEIR DECISION TO "REJECT" MY LATE SUBMITTED COMPLAINT, EXPLAINING THE FACT THAT FOR THE ENTIRE 3 + WEEKS I SAT IN SEGREGATION, I HAD "NO" ACCESS TO ANY OF

ATTACHMENT - 17

MY LEGAL MATERIALS, AGAIN THE WARDEN OF THAT FACILITY
AFFIRMED THE "REJECTION" DECISION, AND THAT DECISION
WAS FINAL. MY ADMINISTRATIVE REMEDIES WERE EX-
HAUSTED AT THAT POINT. I COULDN'T APPEAL THIS DECISION.

**70**
IN OCTOBER 2023. I AGAIN, FILED ANOTHER COMPLAINT
WITH THE I.C.E DEPARTMENT, THIS TIME INFORMING
THEM THAT D.O.C POLICY (310.07) ALLOWS INMATES TO
FILE LATE COMPLAINT WITH GOOD CAUSE, THIS COMPLAINT
WAS "DISMISSED". I, THAN APPEALED THIS DECISION TO
THE CENTRAL OFFICE IN MADISON, WI. WITH THE
I.C.E SUPERVISOR, AND THE CENTRAL OFFICE OFFICIALS
"AFFIRMED" THE "DISMISSAL" AS WELL. SO, MY ADMINI-
STRATIVE REMEDIES WERE "OFFICIALLY" EXHAUSTED.

## CONCLUSION:

**71**
THE WARDEN AT CHIPPEWA TREATMENT FACILITY, THE
SECURITY DIRECTOR THERE, THE TWO ADMINISTRATIVE
CAPTS., AND THE SGT. SUPERVISING THE HOUSING
UNIT THAT MORNING., I WAS SERIOUSLY INJURED,
AS WELL AS THE OWNER OF PRIME COAT COATING
SYSTEMS ALL PLAYED A SIGNIFICANT ROLL IN THE
FACT THAT, I WAS PERMANENTLY INJURED.

ATTACHMENT-18

72. PRISON OFFICIALS WERE AWARE OF THESE "SAFETY HAZARDS," UNSAFE CONDITIONS, AND ALLOWED THIS SERIOUS "RISK" OF HARM TO EXIST IN THE PRISON. DESPITE HAVING KNOWLEDGE.

73. THE PRISON OFFICIALS ARE RESPONSIBLE, "SUPERVISORY LIABILITY". THEY TOLERATED POLICIES, AND BEHAVIORS THAT SHOW DELIBERATE INDIFFERENCE TO THE RIGHTS OF THOSE (PRISONERS) IN THEIR CUSTODY. ALL . . . .

74. OF THE DEFENDANTS "NEGLIGENCE" ACTIONS, OR INACTION(S) PLACED ME IN IMMINENT DANGER, CAUSING ME PAIN, SUFFERING, AND IRREVERSIBLE INJURY, IN VIOLATION OF MY 8TH. AMENDMENT RIGHT.

75. THE ADVERSE ACTION, RETALIATION "CARRIED-OUT" BY DEFENDANT KYLE ESLINGER, AND SPONSORED BY DEFENDANT GREGORY CLARK, AND DEFENDANT JASON WUNDERLICH, IN THE FORM OF A "FRIVULOUSLY" WRITTEN , AND MELICIOUSLY CONCOCKED, HOLDING ME RESPON-SIBLE FOR THE INCIDENT, CONDUCT REPORT.

76. THE CONFISCATION OF ALL OF MY LEGAL MATERIALS, PLACING ME IN SEGREGATION, AND WITHHOLDING ALL OF MY LEGAL MATERIALS FOR THE ENTIRE DURATION OF

THE TIME I SPENT IN SEGREGATION.

**77** SGT. YANG IN HIS INCIDENT REPORT "STATED", "THAT HE HAD NOT YET, MADE IT TO THE AREA, THAT POSED A "SERIOUS", SUBSTANTIAL "RISK" TO THE SAFETY OF THE INMATES HOUSING UNIT, TO ASESS THE "DANGER" THE CONSTRUCTION COMPANY EMPLOYEES WERE POSING.

**78** SGT. YANG "FAILED" TO IMMEDIATELY PLACE SIGNS, POSTINGS, WARNINGS, OR TO CLOSE, OR SHUT DOWN THE SHOWER AREA, RESULTED IN MY IRREVERSIBLE INJURY.

**79** CAPT. ESLINGER DID AN INVESTIGATION, AND WAS WELL AWARE OF THE FACTS, YET DEFENDANT ESLINGER MADE UP HIS MIND TO "RETALIATE" AGAINST ME, IN THE FORM OF ADVERSE ACTION, MAKING HIS "PREVIOUS" THREATS TO ME A "PROPHESY," THAT WOULD LATER BECOME REALITY. THE PRISON OFFICIALS "VIOLATED" MY 1ST AMENDMENT RIGHT TO HAVE ACCESS TO THE COURTS, AND MY RIGHT TO REDRESS OF GRIEVANCES (FREEDOM OF SPEECH) RIGHT.

**80** THE WITH HOLDING OF MY LEGAL MATERIAL ESSENTIALLY PREVENTED ME FROM PURSUING A "NON-FRIVULOUS"

Legal Claim.

81  The State Employees (Prison Officials) Acted with Deliberate Indifference, Violating My 1st, 8th, and 14th Amendments U.S. Constitutional Liberties (Rights). Resulting in My Permanent Injuries.

82  Defendant, Christopher O'Brian Acted "Negligently" Resulting in Irreversible Injury, Violating State Safety Regulation(s). Failure To Protect From imminent Danger.

Relief Sought:

83  As A Result of My Injury, I Now Use A Walker To Ambulate. The Nerve "Damage" To My Lower Back Has Caused me Incontinence Issues. I'm In Constant Pain. I am Now Perscribed (4) Meds. All Related To My Back Injury. I am Disabled, And No Longer Able To Participate In Sports/Exercise. This Injury Has Dramatically Impacted My Life! I Suffer From Severe Anxiety/Depression Now. I am Seeking Compensatory Damages From All The Defendants In The Sum of $150,000 From Each, In Their Private-Capacity, And In Their Official Capacity. $50,000 In Punitive Damages From Those Defendants Acting Under Color of Law! For The Additional Pain/Suffering me, And My Family Has Endured. I Will Not Be Able To Support My Family Upon My Release —

# UNITED STATES WESTERN DISTRICT OF WISCONSIN
## VERIFICATION

CASE NO. 23-CV-815-Jdp

**84**

I HAVE READ THE FOREGOING COMPLAINT, AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, ECEPT TO THE MATTERS ALLEGED ON THE INFORMATION, AND BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE, AND CORRECT.

EXECUTED BLACK RIVER FALLS, WISCONSIN. ON DECEMBER 22ND. 2023.

David A. Shamley (Zamora
JACKSON CORRECTIONAL INSTITUTION
N 6 5 0 0 HAIPEK ROAD
BLACK RIVER FALLS, WI. 54615

**LEGAL**
286320

ATTACHMENT—22